(November 14, 1911.)

G. F. HIBLER et al., Respondents, v. GRANT SMITH et al., Appellants.

[119 Pac. 41.]

SUFFICIENCY OF EVIDENCE TO SUPPORT JUDGMENT.

(Syllabus by the court.)

    **1.** Evidence examined and *held* sufficient to support the verdict and judgment as to the first three causes of action, and insufficient to support the judgment as to the fourth cause of action.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. Robert N. Dunn, Judge.

Action for debt. Judgment for plaintiff. Defendants appeal. *Affirmed* as to first three causes of action, and *reversed* as to fourth cause of action.

McBee & La Veine, and Chas. L. Heitman, for Appellants.

The evidence fails to disclose any cause of action at the beginning of this suit. (Pomeroy, Code Remedies, secs. 453, 775; *Veeder v. Baker,* 83 N. Y. 156; *Lawson v. Tripp,* 34 Utah, 28, 95 Pac. 520; *Bach v. Brown,* 17 Utah, 435, 53 Pac. 991; *Thompson v. Bradbury,* 5 Ida. 760, 51 Pac. 758.)

In the fourth cause of action the collection of the price of the cars and rails is not even alleged. Plaintiffs do not pretend that they have ever paid for same and offer no evidence to that effect. In finding for plaintiffs on this cause, the jury wholly ignore the uncontradicted testimony of three witnesses. (1 Spelling, New Trial and Appellate Practice, p. 420; *Chicago, B & Q. R. R. Co. v. Landaner,* 36 Neb. 642, 54 N. W. 976; *Michaud v. Freischeimer,* 16 Mont. 472, 41 Pac. 231; *Cunningham v. Gans,* 29 N. Y. Supp. 979, 79 Hun, 434; *Homire v. Rodgers,* 74 Iowa, 395, 37 N. W. 972.)

"When a party alleges a material fact, and offers no evidence in support of it, the court is authorized, if denied, to

find its nonexistence." (*Miller v. Engle,* 3 Cal. App. 325, 85 Pac. 159.)

The burden of proving the allegations by a preponderance of the evidence was on plaintiff, and if he failed to do so or if the evidence was equally balanced, he could not recover. (*John Ainsfield Co. v. Rasmussen,* 30 Utah, 453, 85 Pac. 1002.)

J. L. McClear, for Respondents.

There is a conflict as to all the evidence in this case; the court heard the evidence, saw the witnesses upon the stand, submitted the case to the jury under proper instructions, and the case of *Say v. Hodgin* (Ida.), 116 Pac. 410, and *Wolfe v. Ridley,* 17 Ida. 173, 104 Pac. 1014, with a long line of decisions of this court, hold that the court does not err in refusing to grant a new trial where there is such conflict.

AILSHIE, J.—In this case the plaintiffs sued on four causes of action. Defendants admitted the first cause of action, and made a tender into court of the amount due.

It is claimed on this appeal that the evidence is not sufficient to support the verdict and judgment on the other three causes of action. The evidence is sufficient to support the judgment as to all but the fourth cause of action, and as to that there is a total lack of material or substantial evidence to support the claim there alleged.

The judgment will be affirmed as to the first three causes of action and is hereby reversed as to the fourth cause of action, and the case is hereby remanded with direction to grant a new trial on the fourth cause of action. Costs of appeal will be equally divided between appellants and respondents.

Stewart, C. J., and Sullivan, J., concur.